UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD AYERS,

       Petitioner,

                              CASE NO. 2:10-CV-13991
v.                             JUDGE LAWRENCE P. ZATKOFF
                              MAGISTRATE JUDGE PAUL J. KOMIVES

J. S. WALTON,

       Respondent.
                           /

**REPORT AND RECOMMENDATION**

I.      <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.     <u>REPORT</u>:

A.     *Procedural History*

Petitioner Richard Ayers is a federal prisoner, currently incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). The procedural background leading to this action is not in dispute. On February 5, 2008, petitioner was sentenced to a term of 60 months' imprisonment and five years' supervised release by the United States District Court for the Western District of Michigan following his convictions for possession with intent to distribute 50 grams or more of methamphetamine. The Bureau of Prisons has calculated petitioner's projected release date as November 25, 2011.

On January 26, 2009, while incarcerated at the Federal Correctional Institution in Beckley, West Virginia (FCI-Beckley), petitioner began participation in the unit based portion (or Phase 1) of the Residential Drug Abuse Program (RDAP). The BOP determined that petitioner was

provisionally eligible for a sentence reduction of up to one year upon his successful completion of the RDAP program, pursuant to 18 U.S.C. § 3621(e)(2)(B). *See* Gov't's Resp., Exs. 3-4. Petitioner completed Phase 1 on October 9, 2009, and began follow-up services on November 9, 2009. *See id.*, Ex. 5. In early March 2010, petitioner received an incident report alleging that he possessed five cigarettes. In a report dated March 8, 2010, Senior Clinical Scientist Officer Michael D. Murry concluded that petitioner had "done very poorly in Follow-up recently." Discussing the cigarette incident, Murry opined that petitioner exhibited "blatant mollification and sentimentality," and concluded that "[c]onsideration will be given as to whether [petitioner] should be expelled due to his failure to practice what he learned in RDAP." *Id.*, Ex. 6. On March 9, 2010, petitioner received another incident report alleging that he possessed a contraband radio. In a report dated March 18, 2010, Murry reported that in discussing this incident petitioner "showed blatant criminal thinking with blaming, taking a victim role, and mollification." In light of petitioner's "repeated misconduct and ongoing criminal thinking," Murry concluded, "it appeared that Ayers had failed to benefit from treatment and should be removed from the Follow-up program." *Id.*, Ex. 7. The Regional Psychology Programs Coordinator agreed with Murry's assessment. *See id.* Petitioner was therefore removed from the RDAP program, and his eligibility for early release benefits under § 3621(e) was terminated. *See id.*, Exs. 7-8.

Petitioner filed several requests for administrative remedy, attempting to challenge the loss of his early release benefit. According to the BOP's records, twelve submissions, at three different levels, were rejected or voided between April 2010 and July 2010. On August 5, 2010, petitioner filed a request for administrative remedy with the Warden, arguing that he should not have been terminated because he neither was found guilty by a discipline hearing officer nor committed any

of the acts listed in 28 C.F.R. § 550.53(g)(3), and seeking restoration of his RDAP early release date. On September 15, 2010, the Warden rejected petitioner's request. *See* Pet'r's Reply, Ex. A; Gov't's Resp., Ex. 9. Petitioner filed a regional appeal with the North Central Regional Office, which was denied on October 15, 2010. After the filing of the instant habeas application, petitioner filed an appeal to the Central Office. That appeal was denied on March 18, 2011. *See* Ex. filed 4/11/11.

On April 29, 2010, another prisoner at FCI-Beckley filed a letter on petitioner's behalf in the United States District Court for the Southern District of West Virginia challenging, *inter alia*, petitioner's expulsion from the RDAP program. On May 21, 2010, petitioner filed his own form habeas application. Petitioner filed two motions to amend on September 9, 2010, presenting new arguments and requesting immediate placement in a Community Corrections Center (CCC). On October 6, 2010, the West Virginia court transferred the matter to this Court, based on petitioner's transfer to FCI-Milan. The Government filed a response to the petition on December 3, 2010, arguing that petitioner's claims are unexhausted and without merit. Petitioner filed another form application on December 6, 2010, and a reply to respondent's answer on December 20, 2010.

B.   *Exhaustion*

The Bureau of Prisons maintains an administrative remedy procedure for inmates to challenge any aspect of their confinement, including the computation of their sentences. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); 28 C.F.R. §§ 542.10-.16. It is well established that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Here, there is no question that petitioner had not exhausted his administrative remedies at the time he filed his habeas application. However, petitioner has now filed a response to his Central Office appeal,

suggesting that, at this point, he has exhausted his administrative remedies. Although exhaustion is a prerequisite to relief, it is not jurisdictional and a court may deny an unexhausted § 2241 petition on the merits rather than requiring further exhaustion. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Because there is a factual dispute as to whether petitioner has properly exhausted his administrative remedies, the Court should proceed directly to the merits.

C.     *Analysis*

Pursuant to 18 U.S.C. § 3621, the BOP must provide each prisoner the opportunity to participate in residential substance abuse treatment in his place of confinement. *See* 18 U.S.C. § 3621(b), (e)(1). The statute provides two incentives to prisoners who successfully complete an RDAP. First, the Director has discretion to modify the conditions of the prisoner's confinement. *See* 18 U.S.C. § 3621(e)(2)(A). Second, and at issue here, the statute provides that certain prisoners may be eligible for early release from their sentences. Specifically, the statute provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the use of "may" indicates, the statute leaves the decision of whether to grant early release to the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Thus, even where a prisoner successfully completes the RDAP, the BOP retains the discretion to deny early release. *See McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999); *Orr v. Hawk*, 156 F.3d 651, 653-54 (6th Cir. 1998).

It is well established that a prisoner has no liberty interest protected by the Due Process Clause in discretionary release prior the expiration of his term of imprisonment. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). It is likewise well established

4

that a prisoner has no constitutional right to participate in any prison rehabilitation programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The RDAP statute provides that the BOP must provide a residential drug abuse treatment program, but does not define the contours of that program or requirements for prisoner eligibility. The statute thus leaves these decisions to the BOP's discretion. In light of this fact, and in the absence of any protected liberty interest, petitioner cannot show that he is entitled to habeas relief. Indeed, in a variety of contexts the federal courts have uniformly concluded that neither § 3621(e) nor the BOP's rules and regulations create a liberty interest protected by the Due Process Clause. *See, e.g.*, *Royal v. Scibana*, 309 Fed. Appx. 284, 286 (10th Cir. 2009); *Cook v. Wiley*, 208 F.2d 1314, 1322-23 (11th Cir. 2000); *Zacher v. Tippy*, 202 F.2d 1039, 1041 (8th Cir. 2000); *Kotz v. Lappin*, 515 F. Supp. 2d 143, 149-50 (D.D.C. 2007). And the courts have likewise rejected the exact claims made by petitioner here, explaining:

> Petitioner's contention that his termination from the RDAP violated his due process rights is meritless. Petitioner has no liberty interest protected by the Due Process Clause in a reduced sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979)(holding "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). The statute itself, 18 U.S.C. § 3621(e), does not implicate a constitutionally-protected liberty interest because it does not mandate a sentence reduction. The notice Petitioner received stating that he was provisionally eligible for, but not entitled to, early release was also insufficient to create a constitutionally-protected liberty interest. *See Royal v. Scibana*, No. 08-6069, 2009 WL 247834 (10th Cir. Feb.3, 2009)("Just as a prisoner does not possess a constitutional right to a reduction of a valid sentence, ..., a prisoner does not possess a constitutional right to retain provisional eligibility for the reduction of a valid sentence.")(omitting citation)(emphasis in original).
> 
> Congress mandated in § 3621 that only inmates who successfully completed the RDAP could be considered for "early release" from confinement. Congress did not define the term "successfully," thereby leaving its interpretation to the agency. "In this familiar situation, where Congress has enacted a law that does not answer 'the precise question at issue,' all [a reviewing court] must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Lopez*, 531 U.S. at 242 (quoting *NationsBank of N.C., N.A. v. Variable*

*Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)).

>    Petitioner contends that because he did not commit an offense that qualified under 28 U.S.C. § 550.53(g)(3) for his immediate removal from the RDAP he could not be removed from the program. Petitioner's contention ignores 28 U.S.C. § 550.53(g)(1) and (2), which provide for the discretionary removal of inmates from the RDAP, generally after a warning, for lack of compliance with the treatment program's behavioral rules and program requirements. When Petitioner was admitted to the RDAP, he signed a contract stating he understood "that a determination of early release for me is provisional, may change, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services."
>    "An agency's interpretation of a statute by formal regulation or adjudication is entitled to deference, so long as the agency's interpretation is based upon a permissible construction of the statute." *Hunnicut v. Hawk*, 229 F.3d 997, 1000 (10th Cir.2000)(quotation and citation omitted). The BOP has reasonably interpreted 18 U.S.C. § 3621(e)'s requirement of "successful" completion of an RDAP to require that inmates follow the program's rules, exhibit positive behavior, and successfully complete all three phases of the RDAP before they receive § 3621(e)'s "early release" sentence reduction. The RDAP Coordinator acted well within his discretion in determining that Petitioner should be expelled from the RDAP due to his repeated misconduct offenses, which continued after he was repeatedly warned that he needed to improve his conduct. Thus, Petitioner is not entitled to habeas relief with respect to his due process claim.

*Reyes v. Ledezma*, No. CIV-09-88-M, 2009 WL 1362606, at *5 (W.D. Okla. May 14, 2009); *see also*, *Denton v. Zych*, No. 09-13581, 2010 WL 742606, at *3-*4 (E.D. Mich. Mar. 1, 2010) (Cohn, J., adopting report of Komives, M.J.); *Ayala v. Phillips*, No. 5:07CV45, 2008 WL 450478, at *3 (N.D. W. Va. Feb. 19, 2009) (decision to remove prisoner from RDAP "falls squarely within the BOP's discretion and is not subject to judicial review.").

Here, BOP officials administering the follow-up portion of the RDAP determined that petitioner was not sincerely completing the requirements of the program. This was a decision which was uniquely within the expertise of the prison officials administering the program. And, by virtue of Congress's silence on the matter in enacting § 3621, it was a decision committed to the BOP's

discretion.[1] Thus, petitioner cannot show that he was denied an right to which he was entitled by the Constitution or by statute, and the BOP's exercise of its discretion does not provide a basis for habeas relief.

D.   *Conclusion*

In view of the foregoing, the Court should deny petitioner's application for the writ of habeas corpus.[2]

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections

---

[1] I note that the "arbitrary and capricious" standard of review ordinarily applicable to decisions of administrative agencies under the Administrative Procedures Act (APA) is not implicated, as decisions applying § 3621 are explicitly excepted from coverage under the APA. *See* 18 U.S.C. § 3625. In any event, petitioner cannot show that the decision to remove him from the RDAP was an abuse of discretion. The prison officials involved in administering the program determined, based on petitioner's own statements to them as well as his conduct, that petitioner was not sincere in the rehabilitative process or had failed to benefit from that process.

[2] Ordinarily, a prisoner seeking to appeal the denial of habeas corpus relief must first obtain a certificate of appealability from either the district court or court of appeals before filing an appeal, and a district court must now either grant or deny a certificate in the order denying relief. *See* 28 U.S.C. § 2253(c); Rule 11(a), 28 U.S.C. foll. § 2254. By its terms, however, this requirement applies only to petitions challenging state confinement, or to motions to vacate a federal sentence brought under § 2255. *See* 28 U.S.C. § 2253(c)(1). Thus, a certificate is not necessary to appeal the denial of a petition properly brought by a federal prisoner under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) ("[T]he certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255."). Accordingly, the Court need not address the certificate of appealability issue, and petitioner need not obtain a certificate before filing an appeal.

which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 4/25/11

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on April 25, 2011.

s/Eddrey Butts
Case Manager